* * * * * * * * * * *
On 31 March 2004, following a conference call with the parties, the Commission filed an order on 31 March 2004 compelling the defendants to pay the amounts admittedly owed to Carrie Nicholson, Quantilla Nicholson, and Kenya Nicholson. Subsequently, another conference call was held with all the parties regarding Keith Allred, and, on 5 October 2004, a consent order submitted by the parties was approved. This consent order reflected an agreement between the parties that 400 weeks of benefits pursuant to N.C. Gen. Stat. § 97-38 were owed to Keith Tyrone Allred and that this amount was not in controversy.
The only issue remaining for the Full Commission to resolve is whether Keith Tyron Allred is entitled to compensation beyond 400 weeks until his 18th birthday.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement admitted into evidence as Stipulated Exhibit #5 at the hearing on 18 February 2003, as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between the decedent-employee, Kennedy Nicholson, and defendant-employer on 15 August 2002.
3. Forestry Mutual Insurance Company was the carrier at risk on 15 August 2002.
4. Mr. Kennedy Nicholson was involved in a motor vehicle accident wherein he suffered an injury by accident arising out of and in the course of his employment with defendant-employer which resulted in his death on 15 August 2002, the same date of the motor-vehicle accident.
5. Per a Form 22, the deceased employee's average weekly wage was $729.68, yielding a compensation rate of $486.68.
6. The following Industrial Commission Forms are admitted into evidence as Stipulated Exhibit # 1: 19, 22, 29 and 33.
7. A copy of Kennedy Nicholson's death certificate is admitted into evidence as Stipulated Exhibit #2.
8. A copy of Kennedy Nicholson's and Carrie Allen Nicholson's marriage certificate is admitted into evidence as Stipulated Exhibit # 3.
9. Copies of the birth certificates of Kenya Lorraine, Quantilla, and Keith Tyrone Allred are admitted into evidence as Stipulated Exhibit # 4.
 * * * * * * * * * * *
Based upon the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. Kennedy Nicholson was married to Carrie Allen on 6 October 1990. This marriage continued through the date of Mr. Nicholson's death on 15 August 2002.
2. Before Mr. Nicholson's marriage with Carrie Allen, Kennedy Nicholson fathered two (2) children; Kenya Lorraine Nicholson, born 24 November 1984, and Quantilla Nicole Nicholson, born 8 June 1986. Mr. Nicholson acknowledged Kenya and Quantilla as his biological children.
3. Mr. Nicholson fathered no other children and formally adopted no children.
4. Keith Tyrone Allred is a minor child who was born on 13 September 1994.
5. Denise Elizabeth Wall is the natural mother of Keith Alfred.
6. When Keith Tyrone Allred was approximately two (2) weeks old, he was placed in the sole and exclusive care, custody, supervision, and control of Kennedy and Carrie Nicholson by his natural mother.
7. Kennedy and Carrie Nicholson stood in the place of parents to Keith Tyrone Allred for more than three years prior to the Kennedy Nicholson's death.
8. At the time of Kennedy Nicholson's death, Keith Allred was wholly dependent upon Mr. Nicholson for his financial support, care, maintenance and other necessaries of life. That dependency began in 1994 and continued through the date of Kennedy Nicholson's death.
9. Kennedy Nicholson's average weekly wage was $729.68, which yields a weekly compensation rate of $486.48. In turn, Keith Allred's compensation rate is $121.67 per week.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Kennedy Nicholson died as a result of injuries sustained arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. N.C. Gen. Stat. § 97-38(1) reads, in pertinent part:
 Persons wholly dependent for support upon the earnings of the deceased employee at the time of the accident shall be entitled to receive the entire compensation payable share and share alike to the exclusion of all other parties.
N.C. Gen. Stat. § 97-2(13) reads, in pertinent part:
 The term "parent" includes . . . any person who for more than three years prior to the death of the deceased employee stood in the place of a parent to him, if dependant on the injured employee.
The decedent is thereby defined as a "parent" to Keith Allred. Given that Keith Allred was under 18 at the time of the accident, that he was "wholly dependant" upon decedent, is a "person" pursuant to the statute, and given that the decedent is defined by the statute as a "parent" to Keith Allred, the Full Commission declines to deny Keith Allred benefits using a talismanic, narrow, and technical definition of "child" under N.C. Gen. Stat. § 97-2(12). Such a reading violates the spirit of the Act. Indeed, such a reading would result in the legislature having created a "parent" without a "child." Notwithstanding Keith Allred's technical exclusion from the definition of "child" under N.C. Gen. Stat. § 97-2(12), the Commission, reading the Act in its entirety and taking into account other pertinent definitions, finds Keith Allred to be a "dependant child" pursuant to N.C. Gen. Stat. § 97-38(3). As such, Carrie Ann Nicholson, on behalf of Keith Tyrone Allred, is entitled to $121.67 per week until Keith Tyrone Alfred reaches the age of 18.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to Carrie Allen Nicholson on behalf of Keith Tyrone Allred $121.67 per week until he reaches the age of eighteen (18). The sums due to Keith Tyrone Allred shall be made payable to Carrie Allen Nicholson, general guardian and custodial guardian of said children. Carrie Allen Nicholson shall use said sums exclusively for the benefit of Keith Tyrone Alfred.
2. Defendants shall pay the costs of this appeal.
 S/ _______________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/ _______________________ BERNADINE S. BALLANCE
COMMISSIONER
 S/ _______________________ PAMELA T. YOUNG COMMISSIONER